## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Greystone Mortgage, Inc. and First Financial Lending LLC, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>Equifax Workforce Solutions LLC and Equifax, Inc.,<br><br>Defendants. | Case No. 2:24-cv-2260 |

## MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL THE COMPLAINT

Pursuant to Local Rule 5.1.5, Plaintiffs Greystone Mortgage, Inc. and First Financial Lending LLC (together, "Plaintiffs") respectfully move for an order sealing the Complaint (ECF No. 1), and permitting Plaintiffs to maintain the redacted version of the Complaint against defendants Equifax Workforce Solutions LLC and Equifax, Inc. (together, "Defendants") on the public docket.

Plaintiffs' counsel's investigation of the conduct alleged in the Complaint included interviews with former employees of Defendants, identified in the complaint as confidential witnesses ("CW") 1, 2, and 3. As detailed in the Complaint, these interviews corroborate Plaintiffs' allegations that Equifax embarked on a scheme to maintain its monopoly in the market for Electronic VOIE Services. Plaintiffs now move to keep under seal those limited portions of the Complaint that quote or otherwise rely on information from interviews with these confidential witnesses.

### A.    The Presumption of Public Access to Court Proceedings Has Exceptions Permitting the Redactions Plaintiffs Seek

As a general rule, "the common law presumes that the public has a right of access to judicial materials." *In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3rd Cir. 2019). "Yet the common law right of access is not absolute," and the presumption of access may be rebutted. *Id.* (citations omitted). For instance, "[c]ourts may permissibly seal judicial records where they are sources of business information that might harm a litigant's competitive standing." *Id.* at 679 (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)) (further citation omitted). A court may also seal information that could harm non-parties. *See, e.g., Purcell v. Gilead Scis., Inc.*, 415 F. Supp. 3d 569, 574 (E.D. Pa. 2019). Narrow redactions may be appropriate, even if sealing an entire document is not. *Del. Display Grp. LLC v. LG Elecs. Inc.*, 221 F. Supp. 3d 495, 497 (D. Del.

2016) ("[I]f there is a need for redactions, the proposed redactions should be as narrow as possible.")

### B. The Limited Information Plaintiffs Seek to Redact Should Remain Sealed Pending Further Adjudication of Its Confidentiality

Plaintiffs initiated this case by filing a redacted version of the Complaint on the public docket, while also filing an unredacted version under seal and serving an unredacted version on Defendants. Plaintiffs' motion to seal is extremely narrow in scope. While the Complaint contains 255 paragraphs, Plaintiffs seek to redact only 9 of those, and parts of 2 others. *See* ECF No. 1, ¶¶ 7, 65, 66, 69, 70, 82, 97, 102, 108, 131, 133. All of the information that Plaintiffs seek to redact is derived from interviews with CW1, CW2, and CW3. The information falls into two categories.

First, Plaintiffs seek to redact information describing the confidential witnesses' titles and dates of employment while working for Equifax, sufficiently detailed information that could be used to determine their identities. "Requests to seal personal information are often granted to protect an individual's privacy and prevent exposure to harm, particularly where the information relates to nonparties." *In re Bofi Holding, Inc. Sec. Litig.*, No. 15-CV-2324, 2021 WL 3700749, at *8 (S.D. Cal. July 27, 2021) (granting motion to seal personally identifiable information of third parties, including CWs). Because disclosure of this information risks harm to non-parties, "the interest in secrecy outweighs the presumption [of public access]." *Avandia*, 924 F.3d at 672 (citation omitted).

Second, Plaintiffs seek to redact the confidential witnesses' comments regarding the conduct at issue in this case. The statements corroborate information that Equifax and its executives have disclosed and involve potentially confidential business information or context that may not be publicly available. That is not to say that this information is entitled to

permanent protection from disclosure. Indeed, if Defendants take the position that such

information is confidential, Plaintiffs reserve all rights to challenge such confidentiality at the

appropriate time. But Plaintiffs have not yet consulted with counsel for Defendants regarding

their position on this motion, because no such counsel has yet appeared in the case. Thus, in an

abundance of caution, Plaintiffs seek sealing of information disclosed by the CWs regarding

Defendants' businesses at least until Defendants appear and the parties may meet and confer

regarding the redactions.

## II.       CONCLUSION

Accordingly, Plaintiffs respectfully submit that the court enter an order sealing the

unredacted version of the complaint and permitting the redacted version of the complaint to

remain on the public docket.

Dated: May 31, 2024

Respectfully submitted,

*/s/ Katie R. Beran*
Katie R. Beran (PA Bar No. 313872)
Jeannine M. Kenney (PA Bar No. 307635)
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Tel: (215) 985-3270
kberan@hausfeld.com
jkenney@hausfeld.com

Brian A. Ratner (PA Bar No. 85661)
Sarah R. LaFreniere*
**HAUSFELD LLP**
888 16th Street NW
Suite 300
Tel: (202) 540-7200
bratner@hausfeld.com
slafreniere@hausfeld.com

**GARWIN GERSTEIN & FISHER LLP**
Bruce E. Gerstein*
David Rochelson*
Jon Gerstein*
Kimberly Hennings*
88 Pine Street, 28th Floor
New York, NY 10005
Tel: (212) 398-0055
bgerstein@garwingerstein.com
drochelson@garwingerstein.com
jgerstein@garwingerstein.com
khennings@garwingerstein.com

Joshua H. Grabar, Esq. (PA Bar No. 82525)
**GRABAR LAW OFFICE**
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (267) 507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiffs and the Proposed
Class*


*\* pro hac vice forthcoming*