# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GREYSTONE MORTGAGE, INC., and FIRST FINANCIAL LENDING LLC, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>EQUIFAX WORKFORCE SOLUTIONS LLC and EQUIFAX, INC.,<br><br>Defendants. | Case No. 2:24-cv-2260-JFM |

**DECLARATION OF SARAH NONNENKAMP**

1. My name is Sarah Nonnenkamp. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set out in this Declaration is based on my personal knowledge.

2. I have been employed at Equifax Workforce Solutions from June 2008 to June 2017 and then again from February 2019 to present. My title is Business Services Leader. As part of that role, I manage the web portal through which customers can purchase income and employment verification reports from Equifax Workforce Solutions. These web portal verifications are "pay as you go" and are purchased on an individual basis.

3. On June 24, 2025, as part of what I understood was preparation to respond to litigation discovery, I was instructed by counsel to collect copies of all Terms & Conditions agreed to by web portal customers going back to 2019 and a list of all users who agreed to those Terms & Conditions.

4. Members of the platform services team in the Technology organization then pulled data from Equifax Workforce Solutions' internal databases and created a spreadsheet of

those users who had agreed to Equifax Workforce Solutions' Terms & Conditions via the web portal. I rely on outputs from these databases in the normal course of my work and can attest to what the data the team pulled shows.

5. When reviewing the list of users who had agreed to Equifax Workforce Solutions' Terms & Conditions, I noticed that the two Plaintiffs in this case, Greystone Mortgage, Inc. and First Financial Lending LLC, were included on the list of users who had accepted Terms & Conditions and purchased verification of income and employment services from Equifax Workforce Solutions in 2025. The data showing both Plaintiffs' purchases are attached as Exhibit B. Users like the Plaintiffs must first agree to the Terms & Conditions in order to place an order for a verification.

6. I provided this information to Equifax's in-house legal team on July 14, 2025.

7. Exhibit B shows that Robert Salotto of First Financial Lending LLC accepted version 106 of the Terms & Conditions on March 12, 2025, and that Marc D'Ambrosio of Greystone Mortgage, Inc. accepted version 106 of the Terms & Conditions on June 3, 2025.

8. Version 106 of the Terms & Conditions is attached as Exhibit C. Version 106 (Exhibit C) has been the Terms & Conditions displayed on the web portal and agreed to by web portal purchasers since August 13, 2024. There have been no changes to the Terms & Conditions for users like plaintiffs since that time.

9. When Messrs. D'Ambrosio and Salotto signed on to the Equifax portal, they would have been presented with the user interfaces depicted in Exhibit D. First, the user must log-into the web portal. Then, the user must "review and acknowledge" the applicable terms and conditions." The full Terms & Conditions are available then with a scroll through the page. At the top of the Terms & Conditions, the following text is visible in all capital letters: "THIS

AGREEMENT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES." Exhibit C was also downloadable from the web portal when users review and accept the Terms & Conditions. The user must then click the box saying "I have reviewed and agreed to the above Terms and Conditions." Then, the user must again click "Agree & Continue" to proceed to the web portal. The user is required to agree to the Terms & Conditions before proceeding to the rest of the web portal where the user can purchase verification services. In other words, it is not possible for a user to make a purchase on the web portal without agreeing to the Terms & Conditions.

10. Exhibit B shows that the plaintiffs clicked and agreed to the Terms & Conditions in Exhibit C.

11. Exhibit B also shows that Mr. D'Ambrosio had agreed to prior Terms & Conditions (versions 102 and 104, attached as Exhibits E & F) which do not contain arbitration provisions. Those versions were superseded by Version 106, attached as Exhibit C.

12. Exhibit B also shows that Mr. Salotto had agreed to prior Terms & Conditions (version 7, attached as Exhibit G) which does not contain an arbitration provision. That version was also superseded by Exhibit C, Version 106.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 25, 2025.

*s/Sarah Nonnenkamp*

Sarah Nonnenkamp