# EXHIBIT I

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

GREYSTONE MORTGAGE, INC., AND FIRST FINANCIAL LENDING LLC, *on behalf of themselves and all others similarly situated*,

Plaintiffs,

v.

EQUIFAX WORKFORCE SOLUTIONS LLC and EQUIFAX INC.,

Defendants.

Case No. 2:24-cv-02260-JFM

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Equifax Inc. and Equifax Workforce Solutions LLC ("Equifax") submit these responses and objections to the First Set of Requests for Production served by Plaintiffs Greystone Mortgage, Inc. and First Financial Lending LLC ("Plaintiffs") on March 11, 2025 (the "Requests"), as follows:

**GENERAL OBJECTIONS**

In addition to the objections separately set forth in response to each of the Requests, Equifax's responses are subject to the following General Objections. Each General Objection is incorporated by reference into the responses of each Request and governs the scope of any document search and production by Equifax in response to these Requests. All responses set forth herein are subject to and without waiver of any of these General Objections.

1. Equifax objects to these Requests, including the Definitions and Instructions, to the extent they purport to impose any obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Pennsylvania, or applicable Court Orders. Equifax will respond consistent with applicable law.

2. Equifax objects to the Requests to the extent they request information that is protected by the attorney-client privilege, work product doctrine, settlement privilege, or any other applicable privilege or immunity. Equifax will not intentionally provide any protected information in response to these Requests and any such production is inadvertent. The inadvertent production of any document shall not be deemed or construed to constitute a waiver of any privilege or right, and Equifax reserves its right to demand that Plaintiffs return any such document and all copies thereof, including pursuant to Section VIII.A.3.e of the Stipulation and Order for the Discovery and Production of Documents, ECF No. 65 ("ESI Protocol").

3. Equifax objects to these Requests, including the Definitions and Instructions, to the extent that they are overbroad, unduly burdensome, seek information unrelated to the Claims or Defenses of the Parties, and are neither relevant to the subject matter involved in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4. Equifax objects to each Request to the extent it is not reasonably limited to the time period relevant to the matters at issue in the Action and proportionate to the needs of the case. To the extent Equifax provides information in response to a Request, Equifax will respond regarding the time period January 1, 2020 to the present, unless otherwise indicated.

5. Equifax objects to the Requests as overbroad and unduly burdensome to the extent that they purport to require the production of "each," "all," or "any" documents or communications, when a subset of such documents or communications would be sufficient to provide the pertinent information.

6. Equifax objects to the Requests to the extent they are unreasonably cumulative or duplicative, or can be obtained from other sources that are more convenient, less burdensome, or less expensive, including documents that are already in Plaintiffs' possession, are public, or are otherwise available from sources to which Plaintiffs also have access.

7. Equifax objects to the Requests to the extent the documents or information is not reasonably accessible because of undue burden or cost, including the collection, search, review, and production costs, as well as other associated monetary and nonmonetary burdens.

8. Equifax objects to the Requests to the extent they purport to make any factual assertion or establish any definition. Equifax's responses to the Requests do not, are not intended to, and shall not be construed to, constitute an acceptance or admission by Equifax of any factual assertion made or definition used in the Requests.

9. Equifax objects to the Requests to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place. Equifax states that its response and any production of documents are not intended, and shall not be construed, as an admission or representation that any factual predicates stated in the Requests are accurate, and any agreement by Equifax to search for and produce documents is not intended, and shall not be construed, as an admission that responsive documents exist. Rather, any such agreement to produce documents is a statement, subject to and without waiving any of its objections, that Equifax will endeavor to search for and produce responsive, non-privileged documents or

information to the extent that they exist, are in its possession, custody, and control, can be located with a reasonably diligent search, and are proportionate to the needs of the litigation.

10. Equifax objects to the Requests to the extent they seek to impose an obligation to search for and produce documents not in Equifax's possession, custody, or control, or that cannot be located by a reasonably diligent search. Equifax further objects to the Requests to the extent that they purport to require Equifax to respond on behalf of any person or entity other than Equifax, request documents from Equifax's partners, consultants, representatives, agents, attorneys, or persons acting or purporting to act on its behalf or require Equifax to obtain and compile documents or information from third parties.

11. Equifax objects to the Requests to the extent they purport to require Equifax to create documents or otherwise assemble information that does not exist in the ordinary course of its business.

12. Equifax objects to the Requests to the extent they call for the production of information or documents in violation or circumvention of any federal statutory or state law, common law right or restriction, or contractual obligation, including, but not limited to, protective orders and other restrictions of privacy, confidentiality, and licensing relating to Equifax, its employees or any other person or entity. In responding to these Requests, Equifax intends to comply with its obligations to third parties, which may include the provision of notice and the opportunity to object prior to the disclosure of any protected or confidential information of third parties.

13. In responding to the Requests, Equifax may use electronic tools and processes, including, but not limited to, data sampling, searching, and the use of selection criteria to satisfy any good-faith obligation it may have to respond to the Requests. Equifax will follow the procedures set forth in the ESI Protocol.

**OBJECTIONS TO DEFINITIONS**

1. Equifax objects to the Definitions to the extent they seek to impose obligations in

excess of those required by the Federal Rules, Local Rules, and applicable Court Orders.

2. Equifax objects to Definition No. 7 ("Defendant"), No. 10 ("Equifax," "You," and "Your"), No. 20 ("You"), and No. 25 ("person" or "persons") because they each obligate Equifax to respond on behalf of persons other than Equifax Inc. or Equifax Workforce Solutions LLC. Equifax further objects to the definitions' inclusion of Equifax's attorneys, which would invade the attorney-client privilege, the attorney work-product doctrine, and other applicable privileges or protections from discovery, and impose a burden on Equifax disproportionate to the needs of the case. Equifax interprets "Defendant" "Equifax," "You," "Your," "person," or "persons" to mean only Equifax Inc. or Equifax Workforce Solutions LLC as appropriate.

3. Equifax objects to Definition No. 5 ("Communication") and No. 8 ("Document") because they are each defined beyond the bounds of applicable discovery rules and require Equifax to create records of forms of communications that are not created in the ordinary course of business. Equifax will only produce "documents" as that term is defined by the Federal Rules of Civil Procedure and other applicable law, except to the extent modified by the ESI Protocol.

4. Equifax objects to Definition No. 9 ("Electronically Stored Information" or "ESI") to the extent that it conflicts with the ESI Protocol. Equifax otherwise expressly reserves the right to amend, modify, or supplement this objection.

5. Equifax objects to Definition No. 17 ("VOIE"), No. 18 ("VOIE Provider"), and No. 19 ("The Work Number" and "TWN") because Equifax, Inc. does not offer VOIE services or products.

6. Equifax objects to Definition No. 22 ("all," "any," "each") because it asks for all documents where a subset of documents is sufficient to show the relevant information. The definition is therefore overbroad and unduly burdensome.

**OBJECTIONS TO INSTRUCTIONS**

1. Equifax objects to the Instructions to the extent they seek to impose obligations in excess of those required by the Federal Rules, Local Rules, and applicable Court Orders.

2. Equifax objects to the Instructions to the extent that they purport to require production of documents within the possession, custody, or control of third parties over which Equifax does not exercise control. Equifax will produce only responsive non-privileged documents and information within the possession, custody, and control of Equifax.

3. Equifax objects to Instruction No. 1 because it expands the definition of "possession, custody, or control" beyond the scope of applicable law. Equifax will interpret the phrase "possession, custody, or control" consistent with applicable law.

4. Equifax objects to Instruction No. 4 because it calls for the production of information about documents that may have existed before Equifax had an obligation to preserve them. This information is not kept in the ordinary course, it will impose a burden on Equifax that is not proportionate to the needs of the case, and it is not relevant to the litigation. Equifax will not provide this information.

5. Equifax objects to Instruction No. 5 to the extent that it purports to require Equifax to produce or create translations of documents that do not exist in the ordinary course of business. This would impose a burden on Equifax disproportionate to the needs of the case.

6. Equifax objects to Instruction No. 6 because it purports to require, in relation to any claim of privilege by Equifax, the production of unreasonably detailed information related to that claim. Equifax will follow the procedures set forth in the ESI Protocol to identify such claims.

7. Equifax objects to Instruction No. 10 because the time period from January 1, 2015 to the present is overbroad, unduly burdensome, and disproportionate to the needs of the case. Where Equifax agrees to produce material in response to these Requests, it will do so for the time period of January 1, 2020 to the present.

**RESPONSES AND SPECIFIC OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 1:**

> Documents sufficient to (a) show the organizational structure of Equifax, including any divisions, departments, units, or other subdivisions that have any role or responsibilities relating to TWN or other VOIE products or services, and the

function or responsibilities of each; and (b) identify employees or Persons at Equifax who have or had any role or responsibility relating to TWN or other VOIE products or services, and the positions, responsibilities, and authority held by each.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

In addition to the General Objections, Objections to Definitions, and Objections to Instructions set forth above, Equifax objects to this Request on the following grounds:

The Request is irrelevant to the extent that it calls for production of documents relating to "the organizational structure of Equifax" when the vast majority of Equifax's organizational structure is not relevant to the case. The terms "divisions," "departments," "units," and "subdivisions" are vague and ambiguous. Equifax will interpret those terms as it does in the ordinary course of its business. The phrases "who have or had any role or responsibilities," and "relating to TWN or other VOIE products and services" are vague and ambiguous. Equifax will interpret those terms as it does in the ordinary course of its business. Subject to and without waiving the foregoing Specific and General Objections, and subject to Plaintiffs and Equifax meeting and conferring and agreeing on custodians and search methodology, Equifax will undertake a reasonable search and produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify the amount of ownership interest You have in any subsidiaries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

In addition to the General Objections, Objections to Definitions, and Objections to Instructions set forth above, Equifax objects to this Request on the following grounds:

This Request seeks information related to "any" subsidiary without respect to whether the subsidiary has any relation to TWN or the claims and defenses in this case. This Request is more appropriate as an interrogatory. Subject to and without waiving the foregoing Specific and General Objections, and subject to Plaintiffs and Equifax meeting and conferring and agreeing on custodians and search methodology, Equifax will undertake a reasonable search and produce

non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

> Documents sufficient to show the dates of any corporate acquisitions or divestitures involving You or one of Your subsidiaries concerning VOIE or Payroll Data, and the identities of any parties to the transaction, including purchasers, sellers, and investors, as well as Your agents involved in the transaction, including attorneys, advisors, and consultants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

In addition to the General Objections, Objections to Definitions, and Objections to Instructions set forth above, Equifax objects to this Request on the following grounds:

Equifax objects to the terms "corporate acquisitions," and "divestitures" as vague and ambiguous and Equifax will interpret those terms as it does in the ordinary course of its business. The phrase "concerning VOIE or Payroll Data" is vague and ambiguous. Equifax will interpret that phrase as asking for acquisitions or divestitures related to TWN. The Request is unduly burdensome and not proportionate to the needs of the case insofar as it calls for the production of documents that are publicly available or equally available to Plaintiffs. The Request calls for the production of documents and communications protected by the attorney-client privilege, work-product doctrine, joint defense or common interest privilege, or any other applicable privilege, exemption, or immunity. Subject to and without waiving the foregoing Specific and General Objections, and subject to Plaintiffs and Equifax meeting and conferring and agreeing on custodians and search methodology, Equifax will undertake a reasonable search and produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

> Documents sufficient to Identify each officer and director of Equifax and each entity disclosed in Documents produced in response to Request Nos. 1(a) and 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

In addition to the General Objections, Objections to Definitions, and Objections to Instructions set forth above, Equifax objects to this Request on the following grounds:

The Request seeks irrelevant information insofar as it asks for information on "each

officer and director" and all Equifax subsidiaries without regard to whether those officers or directors or subsidiaries have a role related to TWN. Equifax incorporates its responses and objections to Request Nos. 1(a) and 2 by reference as if fully restated herein. Specifically, this Request is irrelevant to the extent that it calls for production of documents relating to "the organizational structure of Equifax" when the vast majority of Equifax's organizational structure is not relevant to the case. The terms "divisions," "departments," "units," and "subdivisions" are vague and ambiguous. Equifax will interpret those terms as it does in the ordinary course of its business. The phrases "who have or had any role or responsibilities," and "relating to TWN or other VOIE products and services" are vague and ambiguous. This Request seeks information related to "any" subsidiary without respect to whether the subsidiary has any relation to TWN or the claims and defenses in this case. Subject to and without waiving the foregoing Specific and General Objections, and subject to Plaintiffs and Equifax meeting and conferring and agreeing on custodians and search methodology, Equifax will undertake a reasonable search and produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

> All Documents filed or produced pursuant to the Hart-Scott-Rodino Antitrust Improvements Act of 1976 in connection with any Acquisition You made of a company that offered VOIE product(s) or service(s) or had control over or legal rights to access Payroll Data other than that of its own employees, from January 1, 2006, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

In addition to the General Objections and Objections to Definitions and Instructions, Equifax objects to this Request on the following grounds:

This Request for documents that Equifax provided to the United States under the Hart-Scott-Rodino Antitrust Improvements Act of 1976 are not relevant to Plaintiffs' claims under Section 2 of the Sherman Act. This Request for documents "from January 1, 2006 to present" is overbroad and disproportionate to the needs of the case. Equifax will respond for the time period January 1, 2020 to the present. This Request for "[a]ll documents" is overbroad, unduly

burdensome and not proportionate to the needs of the case because it seeks "all documents" when the production of a subset of documents would be sufficient to provide the information requested. The phrase "had control over or legal rights to access Payroll Data other than that of its own employees" requires Equifax to respond with information that may not be within Equifax's possession, custody or control. Equifax interprets this Request to seek information solely based on information within Equifax's possession, custodian, or control.Equifax objects to this Request because it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine, or another applicable law, privilege, protection, immunity, or doctrine. Pursuant to Federal Rule 34(b)(2)(C), Equifax states that it will not produce documents in response to this Request on the basis of the foregoing Specific and General Objections.

**REQUEST FOR PRODUCTION NO. 6:**

> All Documents produced to, submitted to, seized by, or received from the Department of Justice ("DOJ"), the FTC, the Consumer Financial Protection Bureau ("CFPB") or any other governmental, Congressional, administrative, regulatory or investigative body of the United States, District of Columbia, or any state of the United States (together, the "Government"), or international government entity including the European Commission Directorate-General for Competition, related to The Work Number, TWN, or other VOIE product(s) or service(s), including relating to (i) Your Agreements with Data Contributors; and (ii) Your Payments to Data Contributors; or (iii) Your Acquisition of, or Acquisition of the legal right to access, and maintenance of Payroll Data other than Payroll Data of Your own employees, including:
>
> a) all civil investigative demands, subpoenas, and requests for documents You have received from the Government;
>
> b) all Documents and Communications produced to the Government in response to such a demand, subpoena or request;
>
> c) all position papers, white papers, prepared remarks (including any drafts of such papers or remarks), and associated backup data and code given, submitted or presented or intended to be given, submitted or presented to the Government;
>
> d) all transcripts, notes, summaries, and recordings of oral testimony created in connection with any Government review, whether or not procured by

such a demand, subpoena or request; or

e) all Communications between You and the Government regarding such Acquisitions, Agreements, or Payments, including Documents concerning search methodologies for custodial and non-custodial sources and documents concerning or constituting Your narrative responses to interrogatories or questions posed by the Government.

The relevant period for this Request is January 1, 2006, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the General Objections, Objections to Definitions, and Objections to Instructions set forth above, Equifax objects to this Request on the following grounds:

This Request essentially seeks all information sent or received to any government agency anywhere in the world that relates to TWN. This calls for information without regard to whether or not it is relevant to this Action and therefore is unduly burdensome and disproportionate to the needs of the case. This Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents or information concerning geographies other than the United States. Such documents are not relevant to Plaintiffs' claims, which are based on conduct solely within the United States and allege a geographic market of the United States. This Request for documents "from January 1, 2006 to present" is overbroad and disproportionate to the needs of the case. Equifax will respond for the time period January 1, 2020 to the present. Equifax objects to this Request because it calls for production of documents outside of Equifax's possession, custody, or control. Equifax interprets this Request to seek information solely based on information within Equifax's possession, custodian, or control. This Request is overbroad, unduly burdensome and not proportionate to the needs of this Action because it seeks "all documents," "all communications," "all civil investigative demands, subpoenas, and requests for documents," and "all transcripts, notes, summaries, and recordings," when the production of a subset of documents would be sufficient to provide the information requested. The Request seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable law, privilege,

protection, immunity, or doctrine. This Request calls for confidential supervisory information, and information that is confidential to non-parties and subject to notice provisions.

Pursuant to Federal Rule 34(b)(2)(C), Equifax states that it will not produce documents in response to this Request on the basis of the foregoing Specific and General Objections.

**REQUEST FOR PRODUCTION NO. 7:**

> Documents sufficient to show All Agreement(s)—whether current, expired, or terminated—You have with a Data Contributor for You to acquire, license, or gain access to Payroll Data over which the Data Contributor has control or the legal right to access, including, where applicable, the terms of any compensation (including but not limited to any revenue share) You offer to each Data Contributor and their terms of payment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

In addition to the General Objections, Objections to Definitions, and Objections to Instructions set forth above, Equifax objects to this Request on the following grounds:

The request for all "All Agreements" is unduly burdensome and disproportionate to the needs of the case. Equifax objects to the phrases "has control," and "legal right to access" as vague and ambiguous. Equifax further objects to those phrases because it requires Equifax to produce documents based on information not within its possession, custody or control. This Request calls for information that is confidential to non-parties and subject to notice provisions. Subject to and without waiving the foregoing Specific and General Objections, and subject to Plaintiffs and Equifax meeting and conferring and agreeing on custodians and search methodology, Equifax will undertake a reasonable search and produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

> Documents sufficient to show all Agreement(s)—whether current, expired, or terminated—You have with a person for the purchase or provision of Your VOIE product(s) or service(s), including but not limited to any "Universal Membership Agreement for The Work Number" or any similar "Universal Service Agreement" or standard or form agreements, as well as any Document listing counterparties to such agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

In addition to the General Objections, Objections to Definitions, and Objections to Instructions set forth above, Equifax objects to this Request on the following grounds:

The request for "all Agreement(s)" is unduly burdensome and disproportionate to the needs of the case. This Request as overbroad to the extent it seeks "any" standard or form agreements, and "any Document listing counterparties to such agreements." The phrase "VOIE product(s) or service(s)" is vague and ambiguous and will interpret that term as it does in the ordinary course of its business. The Request seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable law, privilege, protection, immunity, or doctrine. This Request calls for information that is confidential to non-parties and subject to notice provisions. Subject to and without waiving the foregoing Specific and General Objections, and subject to Plaintiffs and Equifax meeting and conferring and agreeing on custodians and search methodology, Equifax will undertake a reasonable search and produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

> Documents sufficient to show the volume and market share of The Work Number by year and by calendar quarter during the Relevant Period, including both the market share of The Work Number in comparison to any other VOIE Provider's product(s) and service(s), and the market share of The Work Number compared only to other VOIE Providers' electronic VOIE product(s) and service(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

In addition to the General Objections, Objections to Definitions, and Objections to Instructions set forth above, Equifax objects to this Request on the following grounds:

Equifax objects to the terms "volume," "market share," and "electronic VOIE product(s) and service(s)" as vague and ambiguous. Equifax disputes that the market defined in the Complaint for "Electronic VOIE Services" is a legally significant market for the purpose of Plaintiffs' claims. Equifax objects to this Request to the extent it is intended to capture attorney work product and/or expert work product. Equifax further objects to this Request to the extent it requires Equifax to create documents or otherwise assemble information that does not exist in the

ordinary course of its business. Subject to and without waiving the foregoing Specific and General Objections, and subject to Plaintiffs and Equifax meeting and conferring and agreeing on custodians and search methodology, Equifax will undertake a reasonable search and produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

> All studies, analyses, reports, forecasts or predictions, strategic plans, and presentations, whether or not prepared by You, including All Documents prepared by, submitted to, or received from any consulting firm, agency, financial firm, business services firm, investment bank, consultant, trade association, industry journal, or competitive intelligence firm relating to (a) development, distribution, marketing, profitability, pricing, market share, or sale of The Work Number; (b) the profitability, pricing, sale, market size (by value and volume), and market share (by value and volume) of other VOIE Providers' VOIE product(s) or service(s); or (c) Acquisition (including right to access), pricing, revenue shares, or volume of Payroll Data.
>
> For Request 10(c), the relevant period is January 1, 2006, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

In addition to the General Objections, Objections to Definitions, and Objections to Instructions set forth above, Equifax objects to this Request on the following grounds:

Equifax specifically objects to use of "value," "volume," and "VOIE product(s) or service(s)" as vague and ambiguous and will interpret those terms as it does in the ordinary course of its business. Equifax objects to the term "market size" and "market share" as vague and ambiguous. Equifax disputes that the market defined in the Complaint for "Electronic VOIE Services" is a legally significant market for the purpose of Plaintiffs' claims. The phrase "relating to" renders this Request unduly burdensome, overbroad, vague and ambiguous. This Request for documents "from January 1, 2006 to present" is overbroad and disproportionate to the needs of the case. Equifax will respond regarding the time period January 1, 2020 to the present. The Request calls for the production of documents outside of Equifax's possession, custody, or control. Subject to and without waiving the foregoing Specific and General Objections, and subject to Plaintiffs and Equifax meeting and conferring and agreeing on

custodians and search methodology, Equifax will undertake a reasonable search and produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show all pricing and/or Price Lists for TWN or Your other VOIE product(s) or service(s), including drafts of and revisions to same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

In addition to the General Objections, Objections to Definitions, and Objections to Instructions set forth above, Equifax objects to this Request on the following grounds:

Equifax objects to the phrases "pricing," "Price Lists," and "VOIE product(s) or service(s)" as vague and ambiguous, and Equifax will interpret those terms as it does in the ordinary course of its business. The request for "all pricing and/or Price Lists" is unduly burdensome and disproportionate to the needs of the case because a subset of those documents will provide the requested information. Equifax objects to this Request because it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable law, privilege, protection, immunity, or doctrine. Equifax objects to this Request as irrelevant and overbroad because it seeks production of all drafts and revisions to Equifax's pricing for "TWN or … other VOIE product(s) or service(s)" without regard to whether they were implemented. Subject to and without waiving the foregoing Specific and General Objections, and subject to Plaintiffs and Equifax meeting and conferring and agreeing on custodians and search methodology, Equifax will undertake a reasonable search and produce non-privileged documents, if any, responsive to this Request, and will produce data on pricing as that data is maintained and available in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show any changes to the price of TWN or Your other VOIE product(s) or service(s) over time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

In addition to the General Objections, Objections to Definitions, and Objections to

Instructions set forth above, Equifax objects to this Request on the following grounds:

Equifax objects to the phrases "price" and "other VOIE product(s) or service(s)" as vague and ambiguous, and Equifax will interpret those terms as it does in the ordinary course of its business. Equifax objects to this Request as overbroad and not proportionate to the needs of the case because the term "any change" is vague and lacks sufficient specificity. Equifax further objects to this Request as duplicative of Request No. 11, which similarly requests "documents sufficient to show all pricing … for TWN or Your other VOIE products or services, including … revisions to same." Subject to and without waiving the foregoing Specific and General Objections, and subject to Plaintiffs and Equifax meeting and conferring and agreeing on custodians and search methodology, Equifax will undertake a reasonable search and produce non-privileged documents, if any, responsive to this Request, and will produce data on pricing as that data is maintained and available in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 13:**

> Documents sufficient to show the volume and market share of Payroll Data You own, control or have the legal right to access by year and by calendar quarter during the Relevant Period, including Documents sufficient to show the volume of Payroll Data You own, control or have the legal right to access in proportion to the total volume of Payroll Data that exists.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

In addition to the General Objections, Objections to Definitions, and Objections to Instructions set forth above, Equifax objects to this Request on the following grounds:

Equifax objects to this Request because it requires Equifax to create documents or otherwise assemble information that does not exist in the ordinary course of its business, including breakdowns by "year" or "calendar quarter," or comparisons "in proportion to the total volume of Payroll Data that exists." Equifax objects to the term "market share" as vague and ambiguous. Plaintiffs have not defined a market for Payroll Data, and Equifax objects that such a market is a legally significant market for the purpose of Plaintiffs' claims. Equifax objects to the phrases "Payroll Data You own, control, or have the legal right to access" and "in proportion to

the total volume of Payroll Data that exists" as vague, ambiguous, and unduly burdensome. Subject to and without waiving the foregoing Specific and General Objections, and subject to Plaintiffs and Equifax meeting and conferring and agreeing on custodians and search methodology, Equifax will undertake a reasonable search and produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to show the minutes or other memorialization of each meeting of Your Board of Directors, Board Committees, or officers, that relate to:

a) The Work Number, TWN, or other VOIE product(s) or service(s) You offer or have offered;
b) Any VOIE product(s) or service(s) offered by another VOIE Provider;
c) The market for VOIE product(s) or service(s), whether electronic or otherwise;
d) Agreements with Data Contributors;
e) Payments to Data Contributors;
f) Acquisitions of Data Contributor(s), Payroll Data, or VOIE Provider(s);
g) The acquisition of, licensing of, control over, or access to Payroll Data; or
h) The ability of other VOIE Provider(s) to access Payroll Data which You own, control, or have the legal right to access (whether via ownership, licensing, or other means).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

In addition to the General Objections, Objections to Definitions, and Objections to Instructions set forth above, Equifax objects to this Request on the following grounds:

Equifax objects to this Request because it seeks information that is unduly burdensome and disproportionate to the needs of the case. Equifax further objects to the phrases "relate to," other memorialization" and "for each meeting" as unduly burdensome, vague, ambiguous, and not proportional to the needs of the case. Equifax further objects to the Request for Documents concerning the meetings of "officers" as vague, ambiguous, and not proportional to the needs of the case. Equifax further objects to the phrase "legal right to access" as vague and ambiguous. Equifax further objects to this Request because it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine, and other applicable privilege,

protection, or immunity. Subject to and without waiving the foregoing Specific and General Objections, and subject to Plaintiffs and Equifax meeting and conferring and agreeing on custodians and search methodology, Equifax will undertake a reasonable search and produce non-privileged documents, if any, responsive to this Request.

Dated: April 10, 2025

Respectfully Submitted,

*/s/ Joseph Kay*

Leah Brannon (*pro hac vice*)
David I. Gelfand (*pro hac vice*)
Alan B. Freedman (*pro hac vice*)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974 1500
lbrannon@cgsh.com
dgelfand@cgsh.com
afreedman@cgsh.com

Joseph Kay (*pro hac vice)*
Catherine L. Guerrier (*pro hac vice)*
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225 2745
jkay@cgsh.com

Christopher H. Casey (50625)
Joseph R. Welsh (329626)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979 1000
chcasey@duanemorris.com
jrwelsh@duanemorris.com

*Counsel for Defendants Equifax Workforce Solutions LLC and Equifax Inc.*