# EXHIBIT L

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Greystone Mortgage, Inc., and First Financial Lending LLC, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>Equifax Workforce Solutions LLC and Equifax, Inc.,<br><br>Defendants. | Case No. 2:24-cv-02260-JFM<br><br>Hon. John F. Murphy<br><br>**PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES** |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs Greystone Mortgage, Inc. and First Financial Lending LLC (collectively, "Plaintiffs"), make the following initial disclosures to Defendants Equifax Workforce Solutions LLC and Equifax, Inc. (collectively, "Defendants" or "Equifax").[1]

**PRELIMINARY STATEMENT**

Plaintiffs make these initial disclosures based on a good faith effort to identify information currently available to them that they reasonably believe is discoverable and supportive of their claims as required by the Federal Rules of Civil Procedure (the "Federal Rules"). By making these disclosures, Plaintiffs do not represent that they are identifying or producing every witness, document or piece of information that they may ultimately use in support of their allegations. In addition, it is possible that some individuals listed here may not possess significant information regarding the issues involved in this litigation or may have only knowledge that is duplicative of knowledge possessed by others. Plaintiffs reserve the right to supplement or correct these

[1] Capitalized terms, if not defined herein, shall have the definitions applied in the Complaint.

disclosures upon continuing investigation and discovery, in accordance with Federal Rule 26(e).

Plaintiffs make these initial disclosures subject to and without waiving their right to protect from disclosure any attorney–client privileged documents or work product of their attorneys and other representatives, including but not limited to their mental impressions, conclusions, opinions, or legal theories. Plaintiffs further make these initial disclosures without waiving any right or opportunity to present, at any time in this lawsuit, information, including information contained in any and all documents, addressing facts and issues other than those identified here.

Plaintiffs make these initial disclosures without waiving in any way: (i) the right to object on the grounds of competency, privilege, relevancy and materiality, undue burden, hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; or (ii) the right to object on any grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

These disclosures do not include the names of any potential experts retained or consulted by Plaintiffs. Plaintiffs will produce information relating to experts as may be appropriate under Federal Rule 26(a)(2) or at a time provided by any orders of the Court.

Finally, Plaintiffs may further affirm, clarify, modify, or otherwise develop their claims in this lawsuit. Therefore, Plaintiffs reserve the right, at any time, to identify additional individuals, if any, that may have discoverable information pertinent to any such claims.

## I. Rule 26(a)(1)(A)(i): Individuals Likely to Have Discoverable Information That Plaintiffs May Use to Support Their Claims or Defenses

(1) Defendants, including but not limited to their officers, directors, employees, and agents whose identities are not currently known by Plaintiffs, and including their subsidiaries, divisions, predecessors or successors, may possess relevant information about, *inter alia*:

(a) Equifax's conduct related to building and maintaining dominance in the electronic verification of income and employment ("VOIE") services market, including but not limited to its multiyear exclusive agreements with Data Contributors, payments to those Data Contributors, and/or acquisitions;

(b) The functioning of electronic VOIE services, including, but not limited to, Equifax's The Work Number ("TWN") product;

(c) The economics of the electronic VOIE services market;

(d) Equifax's profits and operating margins related to its electronic VOIE services;

(e) Meetings, communications, understandings and agreements between and among Equifax and potential and actual competitors, Data Contributors, Verifiers, and others, regarding Equifax's electronic VOIE services;

(f) The nature, scope and effect of Equifax's anticompetitive conduct;

(g) The impact of Equifax's conduct on Plaintiffs and members of the Class;

(h) The identities of members of the Class;

(i) The damages sustained by Plaintiffs and members of the Class; and

(j) The absence of factual support for Defendants' affirmative defenses.

The foregoing list of subject matter areas is not exhaustive and is offered without prejudice to Plaintiffs' right to obtain relevant discovery.

(2) Current and former employees and agents of other participants in the electronic VOIE services industry, including but not limited to Data Contributors and actual or potential competitors. Subject to the reservations expressed above, at least the following third parties are likely to possess discoverable information: ADP, Paychex, Intuit, Ceridian, Paycor, PrismHR, Alight, Oracle, Workday, Walmart, and Home Depot. These entities may possess relevant information regarding, among other things, the nature, scope and effect of Equifax's anticompetitive activities, the impact of these activities on Plaintiffs and the members of the Class,

damages to Plaintiffs and the members of the Class, the functioning and economics of the electronic VOIE services market, and the absence of factual support for Defendants' affirmative defenses.

(3) In addition to the categories of persons noted above, Plaintiffs name the following individuals who likely possess discoverable information:

| Name | Title or Position | Subject Matter | Address |
|---|---|---|---|
| Marc D'Ambrosio | President, Greystone Mortgage, Inc. | Greystone's use of and payment for Equifax TWN | Documentation regarding this information is located at<br>7117 East Rancho Vista Drive<br>Scottsdale, AZ 85251<br><br>This individual should be contacted only through counsel:<br><br>Katie R. Beran<br>HAUSFELD LLP<br>325 Chestnut Street<br>Suite 900<br>Philadelphia, PA 19106<br>Tel: (215) 985-3270 |
| Robert Salotto | Principal, First Financial Lending LLC | First Financial's use of and payment for Equifax TWN | Documentation regarding this information is located at<br>208 Kings Highway S.<br>Cherry Hill, NJ 08034<br><br>This individual should be contacted only through counsel:<br><br>Katie R. Beran<br>HAUSFELD LLP<br>325 Chestnut Street<br>Suite 900<br>Philadelphia, PA 19106<br>Tel: (215) 985-3270 |

| | | | |
|---|---|---|---|
| Justin Ciervo | Operations Manager, First Financial Lending LLC | First Financial's use of and payment for Equifax TWN | Documentation regarding this information is located at 208 Kings Highway S. Cherry Hill, NJ 08034<br><br>This individual should be contacted only through counsel:<br><br>Katie R. Beran<br>HAUSFELD LLP<br>325 Chestnut Street<br>Suite 900<br>Philadelphia, PA 19106<br>Tel: (215) 985-3270 |

Additional information concerning the Plaintiffs may be provided in amended disclosures after further investigation and discovery.

## II. Rule 26(a)(1)(A)(ii): Documents and Information That Plaintiffs May Use to Support Their Claims

Subject to the above reservations and objections, Plaintiffs, through their counsel, represent that they may have in their possession, custody or control, *inter alia*, documents and data reflecting their purchases of electronic VOIE services. Such documents and information will be made available to Defendants if responsive to any Rule 34 requests for the production of documents served upon Plaintiffs by Defendants according to a schedule to be agreed to by the parties, and, where appropriate, subject to the protective order entered in this action. Upon information and belief, Plaintiffs expect that Defendants have, in their possession, custody, or control, the vast majority of documents relevant to the claims alleged in the Complaint. Plaintiffs may also use publicly available information, or documents and information obtained from third parties, to support their claims and defenses. Plaintiffs' investigation continues, and Plaintiffs will update these disclosures as discovery advances.

**III. Rule 26(a)(1)(A)(iii): Computation of Plaintiffs' Damages**

At this time, Plaintiffs cannot state the exact amount of damages they have suffered as a result of Equifax's conduct. Because discovery has not yet commenced, an estimation of Plaintiffs' damages is premature. Plaintiffs further state that expert testimony will be required to calculate the damages that resulted from Equifax's anticompetitive conduct. Plaintiffs seek all damages authorized under federal antitrust law and the Clayton Act, including treble damages and attorneys' fees, costs and disbursements. Plaintiffs will present a computation of damages in accordance with the schedule for the disclosure of expert reports.

**IV. Rule 26(a)(1)(a)(iv): Insurance Policies**

Plaintiffs are unaware of any relevant insurance agreements at this time.

Dated: March 11, 2025 Respectfully submitted,

*/s/ Katie R. Beran*
Katie R. Beran (PA Bar No. 313872)
**HAUSFELD LLP**
325 Chestnut Street, Suite
900 Philadelphia, PA 19106
Tel: (215) 985-3270
kberan@hausfeld.com

Daniel P. Weick (*pro hac vice*)
Gisela Rosa (*pro hac vice*)
**HAUSFELD LLP**
33 Whitehall Street 14th
Floor New York, NY 10004
Tel: (646) 357-1100
dweick@hausfeld.com
zrosa@hausfeld.com

Bruce E. Gerstein (*pro hac vice* forthcoming)
David B. Rochelson (*pro hac vice*)
Jonathan Gerstein (*pro hac vice*)
**GARWIN GERSTEIN & FISHER LLP**
88 Pine Street, 28th Floor
New York, NY 10005
Tel: (212) 398-0055
bgerstein@garwingerstein.com
rochelson@garwingerstein.com
jgerstein@garwingerstein.com

*Counsel for Plaintiffs and the Proposed Class*